DANIEL MALAKAUSKAS, SBN 265903
P.O. Box 7006
Stockton, CA 95267
Tel: 866-790-2242
Fax: 888-802-2440
daniel@malakauskas.com

Attorney for PLAINTIFF:
CYNTHIA HOPSON

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| **CYNTHIA HOPSON**, <br><br> PLAINTIFF, <br><br> v. <br><br> **DIAB ENTERPRISES, INC.**, as an entity and doing business as "Wienerschnitzel #362", **HL COLLEGE SQUARE, LLC**, and DOES 1-10, inclusive, <br><br> DEFENDANTS. | Case No.: <br><br> **COMPLAINT BY PLAINTIFF, CYNTHIA HOPSON, AGAINST DEFENDANT, DIAB ENTERPRISES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF RESULTING FROM VIOLATIONS OF: 1) TITLE III OF THE AMERICANS WITH DISABLITIES ACT OF 1990; 2) THE UNRUH CIVIL RIGHTS ACT; 3) THE CALIFORNIA DISABLED PERSONS ACT.** <br><br> [42 U.S.C. §§12101-12213; Cal. Civ. Code §§51, 52, 54, 54.1, 54.2 and 54.3.] |

Comes now the Plaintiff, CYNTHIA HOPSON, (hereafter, "Mrs. Hopson" or "Plaintiff," through his Attorney, DANIEL MALAKAUSKAS, P.O. Box 7006, Stockton, CA 95267; Telephone: (866) 790-2242; Facsimile: (888) 802-2440; who, having been denied her civil rights, hereby respectfully alleges, avers, and complains as follows:

**COMPLAINT BY PLAINTIFF, CYNTHIA HOPSON, AGAINST DEFENDANTS, DIAB ENTERPRISES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF**

**THIS COURT CAN GRANT JUSTICE TO THE DISABLED**

1. Mrs. Hopson is a Special Education teacher who was disabled by her medical conditions: 1) Systemic Lupus Erythematosus; 2) Spinal Stenosis; 3) Osteoarthritis; and 4) Osteoporosis. Due to Mrs. Hopson's multiple disabilities and medical conditions the once active and energetic Mrs. Hopson is confined to using a mobility scooter to arduously complete day to day activities which were once effortless. In 2017, Mrs. Hopson was denied the full and equal access to a public accommodation located at 1107 West March Lane, Stockton, CA 95207.

2. Mrs. Hopson now asks that this court stand up for her rights under the American with Disabilities Act, the Unruh Civil Rights Act and the California Disabled Persons Act.

**THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION, HAS JURISDICTION AND IS THE PROPER VENUE FOR PLAINTIFF TO SEEK JUSTICE**

3. The United States District Court has original federal question jurisdiction of the action pursuant to 28 U.S.C. §1331 and §1343(a)(3) and (a)(4), for violations of the Americans with Disabilities Act, 42 U.S.C. §§12101, et seq. The United States District Court has supplemental jurisdiction over all state claims, including, but not limited to, claims under the Unruh Civil Rights Act, California Civil Code §51, et seq., and, or, the California Disabled Persons Act, California Civil Code §§54-55.3, pursuant to 28 U.S.C. § 1367 as such acts not only expressly incorporate the Americans with Disabilities Act, but such state law claims also arose from the same nucleus of operative facts, or transactions.

4. Venue in this Court is proper under 28 U.S.C. §1391(b)(2) as the claims alleged herein arose in the Eastern District, specifically at the real property located at 1107 West March Lane, Stockton, CA 95207.

**COMPLAINT BY PLAINTIFF, CYNTHIA HOPSON, AGAINST DEFENDANTS, DIAB ENTERPRISES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF**

5. The Fresno Division of the Eastern District of California, is the proper intradistrict because all claims herein arose at the real property located at 1107 West March Lane, Stockton, CA 95207.

**THE VICTIM AND THOSE RESPONSIBLE**

6. Mrs. Hopson is a Special Education teacher who was disabled by her medical conditions: 1) Systemic Lupus Erythematosus; 2) Spinal Stenosis; 3) Osteoarthritis; and 4) Osteoporosis. Due to Mrs. Hopson's multiple disabilities and medical conditions the once active and energetic Mrs. Hopson is confined to using a mobility scooter to arduously complete day to day activities which were once effortless. Mrs. Hopson is therefore a "person with a disability" and a "physically disabled person" and has a "disability" or "medical condition" pursuant to the rules and regulations of the Americans with Disabilities Act, specifically 42 U.S.C § 12102, and California Civil Code §§51 and 54. However, the Chamber of Commerce and other business interests have fought to strip the rights of the disabled by purchasing influence, whether directly, or indirectly, within the state assembly and state senate. Therefore, due to their deplorable conduct and disdain for the disabled, Mrs. Hopson may be considered a "high-frequency" under California Code of Civil Procedure § 425.55 since Mrs. Hopson has filed thirty-six lawsuits prior to this lawsuit in the previous twelve months.

7. Defendants, DIAB ENTERPRISES, INC. (Hereafter, collectively, or individually, "TENANT") and DOES 1-10, are and at all times herein mentioned tenants, and operate a business establishment, and hold themselves out to the public, and does business as "Wienerschnitzel #362" which is located at 1107 West March Lane, Stockton, CA 95207, and has substantial control over the building and parking lot and space adjacent to such building.

**COMPLAINT BY PLAINTIFF, CYNTHIA HOPSON, AGAINST DEFENDANTS, DIAB ENTERPRISES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF**

8. Defendants, HL COLLEGE SQUARE, LLC, (Hereafter, collectively, or individually, "Landlord"), and DOES 1-5 owns, operates, manages, and has substantial control over the real property, including the building and adjacent parking on such property, located at 1107 West March Lane, Stockton, CA 95207

9. DEFENDANT and, or, DOES 1-5 owns, operates, manages, and has substantial control over the real property, including the interior and exterior of the building, the parking lot and all spaces adjacent to the building, located at 1107 West March Lane, Stockton, CA 95207.

10. DEFENDANT and, or, DOES 6-10, are individuals, businesses, organization, or entities which entered into a contract with DEFENDANT, and, or, DOES 1-5, as a property managers or franchisees for the real property and adjacent parking lot and as such have substantial control over the such real property located in 1107 West March Lane, Stockton, CA 95207.

11. The true names and capacities of the Defendants named herein as DOES 1 through 10, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will request leave of court to amend complaint to alleged their true names and capacities at such times as they are ascertained.

12. Plaintiff is informed and believes and thereon alleges that each of the defendants, including Does 1 through 10, caused and is responsible for the below described unlawful conduct and resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with other who did so; by authorizing, acquiescing in or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing with deliberate indifference to plaintiff's rights to

**COMPLAINT BY PLAINTIFF, CYNTHIA HOPSON, AGAINST DEFENDANTS, DIAB ENTERPRISES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF**

equal access to public spaces; and by ratifying the unlawful conduct that occurred by agents, and officers or entities under their direction and control.

### MRS. HOPSON WAS DENIED EQUAL ACCESS TO A PUBLIC ACCOMODATION AND NOW FIGHTS FOR ALL DISABLED

13. Plaintiff is disabled by her medical conditions: 1) Systemic Lupus Erythematosus; 2) Spinal Stenosis; 3) Osteoarthritis; and 4) Osteoporosis. Plaintiff must use a mobility scooter to travel around. Plaintiff is therefore a "person with a disability" and a "disabled person" and has a "disability" or "medical condition" pursuant to federal law, rules and regulations, specifically 42 U.S.C §12102, and 28 C.F.R. §36.104.

14. In 2017, Mrs. Hopson desired to go and use the services, and, or, buy products at "Wienerschnitzel #362" located at 1107 West March Lane, Stockton, CA 95207.

15. While in the parking lot adjacent to, or surrounding, or while inside the business, "Wienerschnitzel #362," Mrs. Hopson personally encountered a number of barriers that interfered with her ability, to use and enjoy the goods, services, privileges and accommodations offered at the facility. Specifically, Mrs. Hopson experienced, and personally noticed that:

16. While going to the business "Wienerschnitzel #362" to buy an item(s), Mrs. Hopson had a difficult time as the restroom was too small making it extremely difficult to maneuver inside and to access given the limited floor space and improperly high grab bars.

17. Despite Mrs. Hopson's wish to patronize the business again, the above mentioned barriers deter Mrs. Hopson from visiting the business anymore in the future because she knows that the business's goods, services, facilities, privileges, advantages, and accommodations are unavailable to physically disabled patrons such as herself.

**COMPLAINT BY PLAINTIFF, CYNTHIA HOPSON, AGAINST DEFENDANTS, DIAB ENTERPRISES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF**

18. Plaintiff alleges, on information and belief, that Defendants' knew that such barriers existed and that the Defendants' failure to remove the barriers were intentional as the particular barriers mentioned above were intuitive and obvious and the Defendants exercised control and dominion over the conditions of the real property and building and had the financial resources to remove such barriers. Furthermore, Plaintiff alleges, on information and belief, that such modification was readily achievable as removal of the above barriers could have been achieved without much difficulty or expense.

19. Mrs. Hopson must now bring this lawsuit to encourage defendants to ensure that their property is accessible to all.

**FIRST CLAIM**
**VIOLATION OF TITLE III OF THE ADA**
**(As to all Defendants)**

20. Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

21. The parking lot and building of real property, known as the "Wienerschnitzel #362" located at 1107 West March Lane, Stockton, CA 95207 is owned, controlled, operated, leased, and managed by TENANT, LANDLORD and DOES 1-10, or their agents. The business "Wienerschnitzel #362" including its parking lot, is open to the general public and as such is a "public accommodation" under 42 U.S.C. §12181 and 28 C.F.R. §36.104.

22. By owning, leasing, or operating the public accommodation known as "Wienerschnitzel #362" pursuant to 42 U.S.C. §12182(a), Defendants are prohibited from discriminating against Plaintiff by denying her, on the basis of her disability, the full and equal

**COMPLAINT BY PLAINTIFF, CYNTHIA HOPSON, AGAINST DEFENDANTS, DIAB ENTERPRISES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF**

enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by "Wienerschnitzel #362."

23. In order not to discriminate against a disabled individual, pursuant to 28 C.F.R. §36.101 and §36.102, Defendants must ensure that such public accommodation is designed, constructed, and altered in compliance with the accessibility standards established by 28 C.F.R. §36.101 et seq., and has proper policies, practices, and procedures to ensure that individuals with disabilities are afforded equal access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by the public accommodation. 42 U.S.C. §12181(9), 42 U.S.C. §12182(b)(2)(A)(iv) and (v), 42 U.S.C. §12183(a)(1) and (2).

24. Plaintiff is disabled by her medical conditions: 1) Systemic Lupus Erythematosus; 2) Spinal Stenosis; 3) Osteoarthritis; and 4) Osteoporosis. Plaintiff must use a mobility scooter to travel around. Plaintiff is therefore a "person with a disability" and a "disabled person" and has a "disability" or "medical condition" pursuant to federal law, rules and regulations, specifically 42 U.S.C §12102, and 28 C.F.R. §36.104. While at the interior, exterior, parking lot, or adjacent spaces, of the business known as "Wienerschnitzel #362", Mrs. Hopson personally encountered a number of barriers that interfered with her ability, to use and enjoy the goods, services, privileges and accommodations offered at the facility.

25. Specifically, Defendants failed to ensure that such real property was equally accessible to individuals with disabilities and medical conditions by having the following barrier at the real property:

26. The parking lot only has one alleged accessible parking stall despite having at least thirty-five parking stalls in violation in 1991 ADAAG 4.1.2.

**COMPLAINT BY PLAINTIFF, CYNTHIA HOPSON, AGAINST DEFENDANTS, DIAB ENTERPRISES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF**

27. There fails to be at least one accessible route from a public transportation stop, public street and, or, sidewalk in violation of 1991 ADAAG 4.3.2.

28. There fails to be at least one accessible route connecting all of the accessible buildings, facilities, elements and spaces on the same site in violation of 1991 ADAAG 4.3.2.

29. The grab bar behind the water closet in the women's restroom fails to be at least 36 inches in violation of 1991 ADAAG 4.16.4.

30. The grab bars in the women's restroom are greater than 36 inches above the finished floor in violation of 1991 ADAAG 4.16.4.

31. The women's restroom fails to have clear floor space of at least 48 by 56 inches in violation of 1991 ADAAG 4.16.2.

32. As a direct and proximate cause of Defendants' conduct, Plaintiff, was denied on the basis of her disabilities the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation, in a manner that is equal to those afforded to other non-disabled individuals in violation of 42 U.S.C. §12181.

33. Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants' as complained of herein which have the effect of wrongfully discriminating against Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities. Specifically, Plaintiff seeks injunctive relief ensuring that Defendants modify their real property to ensure that disable persons are not discriminated against in receiving equal access to goods, services, and facilities as other more able bodied persons.

## SECOND CLAIM
## VIOLATIONS OF CALIFORNIA CIVIL CODE § 51
### (As to all Defendants)

COMPLAINT BY PLAINTIFF, CYNTHIA HOPSON, AGAINST DEFENDANTS, DIAB ENTERPRISES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF

34. Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

35. Any violation of the American with Disabilities Act, 42 U.S.C. §§12101-12213, also constitutes a violation of California Civil Code §51(f) and §52(a), thus independently justifying an award of damages and injunctive relief pursuant to California law.

36. Plaintiff was denied on the basis of her disabilities the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation in a manner equal to that afforded to other non-disabled individuals, which resulted in difficulty, discomfort or embarrassment to Plaintiff. Plaintiff is therefore entitled to attorney fees, costs, and damages in no case less than four-thousand dollars (4,000 USD) for each and every violation pursuant to California Civil Code §55.56(a) through (c).

### THIRD CLAIM
### VIOLATIONS OF CALIFORNIA CIVIL CODE § 54
### (As to all Defendants)

37. Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

38. Any violation of the American with Disabilities Act, 42 U.S.C. §§12101-12213, also constitutes a violation of California Civil Code §54.1(d) and §54.3(a), thus independently justifying an award of damages and injunctive relief pursuant to California law.

39. Plaintiff was denied on the basis of her disabilities the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation in a manner equal to that afforded to other non-disabled individuals, which resulted in difficulty, discomfort or embarrassment to Plaintiff. Plaintiff is therefore entitled to attorney fees, costs, and damages in no case less than

one-thousand dollars (1,000 USD) for each and every violation pursuant to California Civil Code §55.56(a) through (c).

**PRAYER**

WHEREFORE, Plaintiff prays the following:

1. For injunctive relief, but not pursuant to California Civil Code §55 and the Disabled Person Act at all, directing DEFENDANT to modify its' facilities and policies as required by law to comply with the American with Disabilities Act, and ADA regulations, including the ADAAG where required; institute policy to enable PLAINTIFF to use goods and services offered to the non-disabled public so that DEFENDANT provides adequate access to all citizens, including persons with disabilities; issue a permanent injunction directing DEFENDANT to maintain its facilities usable by PLAINTIFF and similarly situated person with disabilities in compliance with federal regulations, and which provide full and equal access, as required by law;

2. Retain jurisdiction over DEFENDANTS until such time as the District Court is satisfied that DEFENDANTS' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3. Award to PLAINTIFF all appropriate damages, including, but not limited to, either statutory damages including no less than four-thousand dollars (4000 USD) for each and every violation of California Civil Code §51 or no less than one-thousand thousand dollars (1000 USD) for each and every violation of California Civil Code §54, with either California Civil Code §51 or California Civil Code §54 being elected prior to, or at, trial, but not both, and general damages in an amount within the jurisdiction of the District Court, according to proof;

**COMPLAINT BY PLAINTIFF, CYNTHIA HOPSON, AGAINST DEFENDANTS, DIAB ENTERPRISES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF**

4. Award PLAINTIFF all litigation expenses and costs of this proceeding, and all reasonable attorney's fees as provided by law, including but not limited to, 42 U.S.C. §12205, Cal. Civ. Code §52 and §54.3; and

5. Grant such other and further relief as this District Court may deem just and proper.

Date: October 9th, 2017.

/s/ Daniel Malakauskas  
By: DANIEL MALAKAUSKAS  
Attorney for PLAINTIFF  
CYNTHIA HOPSON

**COMPLAINT BY PLAINTIFF, CYNTHIA HOPSON, AGAINST DEFENDANTS, DIAB ENTERPRISES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF**